**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5251

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE MACK PURNELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:05-cr-00770-TLW)

Submitted:  May 30, 2007                 Decided:  July 11, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant.   Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Mack Purnell, Jr. appeals his 118-month sentence imposed following his guilty plea and convictions for robbery, aiding and abetting a carjacking, and a firearm offense. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Though notified of his opportunity to file a pro se supplemental brief, Purnell has not done so. The Government has declined to file a reply brief. Finding no reversible error, we affirm.

Purnell suggests that the district court erred by not fully complying with Fed. R. Crim P. 11 at the guilty plea hearing. Contrary to this assertion, the district court meticulously followed Rule 11 to ensure that Purnell fully understood the significance of his guilty plea and that the plea was knowing and voluntary. After questioning Purnell about the charges, his attorney's services, the rights that he was giving up by pleading guilty, the advisory guidelines ranges, the maximum penalties, and relevant conduct, the court found Purnell fully competent and capable of entering an informed plea. The district court fully complied with its Rule 11 obligations, and we find this issue meritless.

Purnell also suggests that the district court erred by violating the requirements of 18 U.S.C. § 3553(a) in fashioning a sentence. After United States v. Booker, 543 U.S. 220 (2005), a

district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Purnell post-Booker and appropriately treated the guidelines as advisory. The court sentenced Purnell after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Purnell's seventy-eight-month sentence for the robbery and carjacking convictions is below both the appropriate guidelines

range and twenty-year statutory maximum sentence. See 18 U.S.C.A. § 1951(a) (West Supp. 2006). Purnell's sentence of forty months for the firearms offense is likewise below guidelines range and the statutory maximum. The court determined that it should depart based upon Purnell's willingness to cooperate and assist the Government in its case against his relative, his immediate remorse and withdrawal from the criminal activity, his lack of criminal history, and his youth. Neither Purnell nor the record suggests any information so compelling to rebut the presumption that his sentence was reasonable. We accordingly conclude the sentence was reasonable and affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Purnell's convictions and sentence. This court requires that counsel inform Purnell, in writing, of the right to petition the Supreme Court of the United States for further review. If Purnell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Purnell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -